IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FRANKLIN L. GRAMMER, JR.,

        Petitioner,

    v.

                           CASE NO.  16-3170-SAC

M. SAUERS,
Warden, et al.,

        Respondents.

<u>ORDER TO SHOW CAUSE</u>

This is a pro se petition for writ of habeas corpus filed under 28 U.S.C. § 2254 by a state inmate. Petitioner has also filed a Motion for Leave to Proceed in forma pauperis (Doc. 2). The court grants this motion based on the current balance in petitioner's inmate account.

On June 28, 2010, petitioner was convicted upon his no contest plea in Johnson County District Court in Olathe, Kansas, of second degree murder in the shooting death of his ex-wife and attempted first degree murder of her co-worker. He was sentenced to a total term of 274 months in prison. Petitioner appealed claiming sentencing error. The Kansas Supreme Court held that it was without jurisdiction to review his sentences because they were within the presumptive sentencing range for the crimes, and dismissed the appeal. *State v.* Grammer, 257

P.3d 345 (Kan. 2011).  On July 6, 2012,[1] petitioner filed a state post-conviction motion under K.S.A. 60-1507, which was denied by the trial court, and the denial was affirmed on appeal.  See *Grammer v. State*, 2015 WL 5036829 (Kan.App. Aug. 21, 2015), *review denied*, (Kan. June 21, 2016).  Petitioner claims that there was an insufficient factual basis to support his conviction of attempted first degree murder, and that his appellate counsel on direct appeal was ineffective for failure to raise this claim on appeal.  See *id.* at *3.  Having examined the materials filed in this case, the court finds that:

1.    Petitioner is presently a prisoner in the custody of the State of Kansas; and

2.    petitioner demands his release from such custody, and as grounds therefore alleges that he is being deprived of his liberty in violation of his rights under the Constitution of the United States, and it appears that petitioner has exhausted all remedies afforded by the courts of the State of Kansas on the grounds remaining in the action.

The court further finds that it appears from the petition and state court records that this action was timely filed.  However these findings are tentative and do not preclude respondents from raising any defense to this action.  The court concludes that a response to the petition is required.

**IT IS THEREFORE ORDERED** petitioner's Motion to for Leave to Proceed in forma pauperis (Doc. 2) is granted.

---

[1]    See *Grammer v. State*, 2015 WL 1069584 (Kan.App.)(Appellate Brief)(Feb. 27, 2015) at *8.

**IT IS FURTHER ORDERED THAT:**

1.   Respondents herein are hereby required to show cause within twenty (20) days from the date of this order why the writ should not be granted.

2.   The response should present:

> (a)   the necessity for an evidentiary hearing on each of the remaining grounds alleged in petitioner's pleadings; and

> (b)   an analysis of each of said grounds and any cases and supporting documents relied upon by respondents in opposition to the same.

3.   Respondents shall cause to be forwarded to this court for examination and review the following:

> the records and transcripts, if available, of the criminal proceedings complained of by petitioner, if a direct appeal of the judgment and sentence of the trial court was taken by petitioner, respondents shall furnish the records, or copies thereof, of the appeal proceedings.

Upon termination of the proceedings herein, the clerk of this court will return to the clerk of the proper state court all such state court records and transcripts.

4.   The petitioner is granted ten (10) days after receipt by him of a copy of the respondents' response to file a traverse thereto, admitting or denying under oath all factual allegations therein contained.

5.   The clerk of this court shall then return this file to the assigned judge for such other and further proceedings as may

3

be appropriate; and that the clerk of this court shall transmit copies of this order to petitioner and to the office of the Attorney General for the State of Kansas.

**IT IS FURTHER ORDERED** that the screening process under Rule 4 of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254 having been completed, this matter is returned to the clerk of the court for random reassignment for all further proceedings pursuant to D. Kan. R. 40.1.

**IT IS SO ORDERED.**

**Dated this 30th day of September, 2016, at Topeka, Kansas.**

**s/Sam A. Crow**
**U. S. Senior District Judge**